MARÍA RODRÍGUEZ, Plaintiff and Appellant, *v.* PEDRO A. PIZÁ ET AL., Defendants and Appellees.

No. 8478.   Argued June 4, 1942.—Decided July 8, 1942.

*Luis Vizcarrondo Coronado* and *Angel Arroyo* for appellant. *F. M. Susoni, Jr.*, for appellee Pizá.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Averring that she had made the sworn statement before the marshal and had given the surety prescribed by law, María Rodríguez filed intervention proceedings in attachment against Pedro A. Pizá and Félix Rodríguez in the Municipal Court of San Juan, first section, to recover the possession of a Pontiac automobile number 6481 which defendant Pizá had attached as if it were the property of Rodríguez, the other defendant. She contended that said automobile belonged to her because she purchased it from Aguirre & Thillet, and she had not conveyed it to any other person.

Defendant Pizá interposed a demurrer, alleging that the complaint did not state facts sufficient to constitute a cause of action; and in his answer denied that plaintiff was the owner of the attached automobile. As new matter, he pleaded that on May 23, 1938, Aguirre & Thillet executed a conditional sales contract with codefendant Rodríguez for the automobile in question; that at Rodríguez's request, Aguirre & Thillet agreed that plaintiff would appear in the contract as the owner of the automobile upon condition that

Rodríguez would jointly and severally subscribe the obligation with plaintiff; that Rodríguez has been in continuous possession of the automobile from the date on which he acquired it as owner, having paid the agreed instalments without the participation of plaintiff in said payments.

After the trial, the municipal court entered judgment for the plaintiff. Defendant Pizá appealed to the district court, and said court reversed the judgment of the municipal court and found for defendant, as follows:

"For the reasons stated in the opinion which is made a part of the record of this case, and since claimant María Rodríguez did not prove her right to the possession of the automobile described in the complaint of the intervention proceeding, judgment is hereby entered against said María Rodríguez and her sureties Avelino Márquez Muñoz and Aurelio González for the sum of $125, that is, the claimed amount which gave rise to the order by virtue of which the Pontiac automobile was attached, and judgment for that amount is entered for the reason that the value of the attached automobile is greater than the amount claimed in the suit which gave rise to the present intervention proceedings; all this in conformity with §14 of the Act regulating intervention proceedings for the trial of the right to real and personal property (Code of Civil Procedure, 1933 ed., page 113); this amount will bear legal interest from the date on which the surety was given, that is, September 14, 1938, with the costs of this suit against plaintiff María Rodríguez."

Plaintiff appealed to this court, assigning as errors that the judgment is contrary to the averments and the evidence; that the averments of the answer do not constitute new matter, rather, they constitute a counterclaim designed to rescind a contract executed to defraud creditors which does not state facts sufficient to constitute a cause of action, and that the lower court abused its discretion and manifestly erred in the weighing of the evidence. Defendant Pizá did not file a brief, nor did he appear at the hearing.

The first assignment of error is without merit. The judgment entered is not inconsistent with the pleadings, and it conforms to the provisions of the law on this subject.

Section 14 of the Act regulating intervention proceedings for the trial of the right to real and personal property, approved on March 14, 1907, Code of Civil Procedure, 1933 ed., page 113, expressly provides that in all cases where any claimant of property under the provisions of this law—in this case María Rodríguez—shall fail to establish his right thereto, judgment shall be rendered against him and his sureties for the value of the property, with legal interest thereon from the date of such bond.

It also provides that when such value is greater than the amount claimed under the writ, by virtue of which such property was levied upon—as was the case herein—the damages shall be computed on the amount claimed under said writ. This in effect was what the judge of the lower court did in entering judgment against the plaintiff in the intervention proceedings and her sureties for the amount of one hundred and twenty-five dollars, which was the amount prayed for in the complaint which gave rise to the writ of attachment.

In order to clarify the above-mentioned provisions of the act, it seems convenient that we make reference to another provision, contained in §15, to the effect that if within ten days from the rendition of judgment against the claimant, the latter shall return such property in as good condition as he received it, and pay for the use of the same, together with the damages and costs, such delivery and payment shall operate as a satisfaction of said judgment.

These provisions tend to simplify the procedure as well as to confine intervention proceedings to those cases in which the claimant has a solid ground for his claim, since, in failing to prove his right, claimant, together with his sureties, will be held responsible for the claim.

Let us examine the second assignment of error, which is so vehemently argued by plaintiff in her brief, and which, in our judgment, does not exist.

In the case of *Rivera* v. *Heirs of Caraballo,* 56 P.R.R. 705, there was ratified the doctrine that "A simulated contract is something more than void or voidable, it is nonexistent. Consequently, a party injured thereby need not seek first its rescission on the ground that the same was entered in fraud of creditors or its nullity under §1252 *et seq.* of the Civil Code, 1930 ed., but may directly bring a revendicatory action, ignoring said contract as nonexistent."

This is not a case for the annulment of a contract executed to defraud creditors. The initial contention is that plaintiff's ostensible title is nonexistent. Pizá attached the automobile in question as if it were the property of Félix Rodríguez, and if his contention with respect to the simulation is true, he was perfectly justified in doing so, for the reason that María Rodríguez, notwithstanding the fact that she was the ostensible owner, as a matter of fact never had any vested right to the property.

To dispose of the third assignment of error, we must look into the evidence submitted. The facts that the conditional sale was made in favor of plaintiff, and that the automobile was registered under her name in the Department of the Interior, are not controverted. The real issue is whether or not these facts are the consequence of a simulation.

The evidence submitted by both parties is quite lengthy and confused, and it is intermingled with matters that may not be taken into consideration for the decision of the case. With respect to the simulation, the evidence submitted is contradictory, and the conflict was decided by the lower court against plaintiff.

It has not been shown that the judge of the lower court was moved by passion, prejudice, or partially in his decision. Neither was it shown that he committed manifest error. His judgment, therefore, must prevail.

Since none of the errors assigned were committed, the appeal must be dismissed and the judgment of the lower court affirmed.

Mr. Justice de Jesús did not participate herein.